**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 04-CV-01673-REB-OES

STEVEN WALKER,

    Plaintiffs,

v.

LORI POLLOCK, and
LANI POLLOCK,

    Defendants.

---

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR INSUFFICIENT
SERVICE OF PROCESS AND MOTION FOR SUMMARY JUDGMENT**

---

**Blackburn, J.**

    The matters before me are (1) Defendant Lori Pollock's Motion to Dismiss for Insufficiency of Service of Process or, in the Alternative, to Quash Service of Process, Pursuant to Fed.R.Civ.P. 12(b)(5) and 4(e) [#5], filed September 24, 2004; and (2) Defendants' Combined Motion and Memorandum Brief for Summary Judgment Pursuant to Fed.R.Civ.P. 56(b) [# 15], filed February 14, 2005.  I deny both motions.

    This case involves a dispute over the estate of Judy Pollock, plaintiff's common law wife, who died intestate in Snowmass, Colorado, on October 25, 2003.  Plaintiff initially was appointed personal representative of Judy's estate.  Thereafter, defendants, who are Judy's adult daughters from a prior marriage, filed a petition in the probate action seeking a temporary restraining order to prevent plaintiff from

selling certain items belonging to Judy's estate.[1] In particular, defendants claimed that plaintiff had wrongfully sold a saddle belonging to the estate and demanded that the $25,000 in proceeds from the sale be restored to the estate.

Plaintiff and defendants subsequently reached an agreement and filed a Stipulated Temporary Restraining Order, which was approved by the probate court. Included in that stipulation was the parties' agreement that plaintiff would deposit $25,000 from the impending sale of a ranch property he owned in Carbondale, Colorado, into the estate's account. However, before the sale was consummated, defendants recorded a notice of *lis pendens* reciting this portion of the Stipulated Temporary Restraining Order. Not surprisingly, the *lis pendens* clouded title to the property, which, not surprisingly, aborted the sale. Therefore, plaintiff filed this lawsuit, by which he seeks to have the *lis pendens* removed.

Plaintiff attempted to serve defendant Lori Pollock, a New York resident, by mail. Such service was insufficient. *See* **FED.R.CIV.P.** 4(e); **C.R.C.P.** 4(e); **N.Y. Civ. Prac. Laws and Rules** § 312-a.[2] Lori Pollock filed a motion to dismiss based on insufficient service, and her attorney entered a limited appearance for purposes of filing that motion. Although she properly preserved the issue, I find that she has

---

[1] Judy was the owner of Judy Pollock Designs, a retail store in Aspen, Colorado, that sold Western antiques and memorabilia. Following her death, plaintiff continued to operate the store. Defendants alleged that in addition to the store's inventory, plaintiff had advertised for sale items from Judy's private collection, which were property of her estate.

[2] Although New York state law permits service by mail, the mailing must include two copies of a statement of service by mail and acknowledgment of receipt and a return envelope, postage prepaid, addressed to the sender. **N.Y. Civ. Prac. Laws and Rules** § 312-a(a). No such documents were included in the mailing Lori Pollock received.

2

waived this defense by her subsequent, substantive participation in this lawsuit, *see Continental Bank N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993); *Yeldell v. Tutt*, 913 F.2d 533, 539 (8th Cir. 1990); 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE § 1391.  Since filing the motion to dismiss, Lori Pollock has participated in initial discovery, twice sought discovery sanctions against plaintiff, engaged in substantive settlement negotiations, and, most significantly, filed a motion for summary judgment.  Thus, although she has literally complied with Rule 12(h), she has not "compl[ied] with the spirit of the rule, which is 'to expedite and simplify proceedings in the Federal Courts.' " *Yeldell*, 913 F.2d at 539 (quoting 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE § 1342).

Moreover, I find that Lori Pollock's participation in the substantive aspects of this litigation demonstrates that she has suffered no material prejudice to the substantial rights protected by the rules regulating service of process.  *See Hawkins v. Department of Mental Health*, 89 F.R.D. 127, 128 (W.D. Mich. 1981).  "[T]he core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States*, 517 U.S. 654, 672, 116 S.Ct. 1638, 1648, 134 L.Ed.2d 880 (1996) (footnote omitted); *see also* 4 C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE § 1063.  Given her participation in this litigation, Lori Pollock cannot seriously contend that she has been denied a fair opportunity to answer the complaint or present her defenses and objections. Accordingly, the motion to dismiss for insufficient service should be denied.

As for the motion for summary judgment, it addresses only the second of plaintiff's two claims. This claim, entitled "Damages," seeks to recover the anticipated proceeds of the sale of the ranch property, which was thwarted by defendants' recordation of the notice of *lis pendens*. As defendants note, and plaintiff appears to concede, this claim is best construed as asserting a cause of action for slander of title. To prove such a claim, plaintiff must establish the following four elements: (1) slanderous words; (2) falsity; (3) malice; and (4) special damages. *Fountain v. Mojo*, 687 P.2d 496, 500 (Colo. App. 1984).

Defendants argue that plaintiff cannot prevail on this claim because the actual text of the notice of *lis pendens* was not false but merely recited the literal language of the Stipulated Temporary Restraining Order. This argument myopically construes the falsity element. Despite its literal truth, the notice of *lis pendens* implied by its recordation that defendants had a claim affecting title to the property. This assertion was false. A party may file a notice of *lis pendens* "[a]fter filing any pleading in an action wherein affirmative relief is claimed affecting the title to real property[.]" §35-38-110(1), C.R.S. The Colorado Supreme Court has advocated a broad interpretation of this language, **see Hammersley v. District Court in and for the County of Routt**, 610 P.2d 94, 96 (Colo. 1980), pursuant to which a *lis pendens* may be filed not only when the pending litigation involves disputed questions of title, but also when it involves determinations of rights and liabilities incident to ownership, **see Crown Life Insurance Co. v. April Corp.**, 855 P.2d 12, 14 (Colo. App. 1992). **See, e.g.**, **In re Kerns**, 53 P.3d 1157, 1164-65 (Colo. 2002) (action seeking to impose constructive

4

trust on property); *Hammersley*, 610 P.2d at 96-97 (action to enjoin further construction of home alleged to violate protective covenants); *Crown Life Insurance Co.*, 855 P.2d at 15 (claim of fraudulent conveyance).

Nevertheless, it stretches the language of the statute too far to suggest that defendants in this case have an interest affecting title to plaintiff's property. Defendants' entitlement to proceeds from the sale of the ranch is unrelated to any right to possess, use, or enjoy the property. It is merely a claim for damages. *See Fountain*, 687 P.2d at 501 (party that sued for damages, rather than specific performance, in unconsummated sale of house did not have interest affecting title sufficient to justify recording of *lis pendens*).[3] In addition, the recording of a *lis pendens* in this instance does not further the underlying policy of the statute, which is to prevent defendants' real property rights from being thwarted by the transfer of title to a third party who is not bound by the outcome of the litigation. *See Hammersley*, 610 P.2d at 95-96; *Alien, Inc. v. Futterman*, 924 P.2d 1063, 1070 (Colo. App. 1995). Indeed, in this particular case, defendants' interests are furthered only if the sale of the property is consummated. In short, defendants are not entitled to summary judgment on this claim.

---

[3] The decision in *Cooper v. Flagstaff Realty*, 634 P.2d 1013 (Colo. App. 1981), does not compel a different result in this case. The brokers' commissions that were the subject of the notice of *lis pendens* in that case were secured by a deed of trust in the specific parcel of real property that was the subject of the litigation. *Id*. at 1014-15; *see also* §38-38-101, C.R.S. (outlining provisions allowing a holder of a deed of trust to foreclose on property secured thereby). Defendants hold no comparable security interest in plaintiff's ranch property. *See Richey v. Western Pacific Development Corp.*, 684 P.2d 169, 173 (Ariz. App. 1984) (action to recover judgment based on earned real estate commissions did not affect title).

Indeed, based on the patent falsity of defendants' notice of *lis pendens*, it appears that plaintiff may be entitled to judgment on his statutory claim. **See** §38-35-204, C.R.S. (creating cause of action to remove spurious lien or other spurious document); §38-35-201(3), C.R.S. (defining spurious documents as "any document that is forged or groundless, contains a material misstatement or false claim, or is otherwise patently invalid"). However, he has not moved for summary judgment. Moreover, although I have authority in certain circumstances to grant summary judgment *sua sponte*, **DiCesare v. Stuart**, 12 F.3d 973, 976 n.1 (10th Cir. 1993); 10A C. WRIGHT & A. MILLER, **FEDERAL PRACTICE & PROCEDURE** § 2720, the statute and applicable rules require a hearing on the matter, *see* §38-35-204(2); **C.R.C.P.** 105.1; **Westar Holdings Partnership v. Reece**, 991 P.2d 328, 331-32 (Colo. App. 1999).

**THEREFORE, IT IS ORDERED** as follows:

(1) That Defendant Lori Pollock's Motion to Dismiss for Insufficiency of Service of Process or, in the Alternative, to Quash Service of Process, Pursuant to Fed.R.Civ.P. 12(b)(5) and 4(e) [#5], filed September 24, 2004, is **DENIED**; and

(2) That Defendants' Combined Motion and Memorandum Brief for Summary Judgment Pursuant to Fed.R.Civ.P. 56(b) [# 15], filed February 14, 2005, is **DENIED**.

Dated June 20, 2005, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge